UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSHUA ZOLLINGER,

    Plaintiff,

vs.

CASE NO.

BROOKDALE SENIOR LIVING INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JOSHUA ZOLLINGER ("Plaintiff" or "Zollinger"), through undersigned counsel, files this Verified Complaint and Demand for Jury Trial against Defendant, BROOKDALE SENIOR LIVING INC. ("BROOKDALE," "Defendant," or the "Company"), and states as follows:

## PRELIMINARY STATEMENT

1. This is a claim by Plaintiff JOSHUA ZOLLINGER against his employer, for the violation of the Americans with Disabilities Act, as amended ("ADA-AA"), 42 U.S.C. § 12101, *et seq.*, and the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760 *et. seq.*

2. The ADA-AA is a remedial statute aimed at addressing and providing remedy in response to combating Congress's findings regarding discrimination against individuals with physical or mental disabilities persist in critical areas like employment, and our nation's goals of assuming equality and opportunity of participation with respect to individuals with disabilities. 42 U.S.C. § 12101(a)(1)-(8). The ADA-AA is meant to protect qualified employees, like Zollinger, from discrimination, harassment and retaliation in the workplace on account of a real or perceived mental or physical disability, or for asking for a reasonable accommodation related

1

to the disability. 42 U.S.C. § 12112.

3. Plaintiff suffers from a disability, and was able to perform his job with or without a reasonable accommodation. After Plaintiff submitted medical documentation seeking a reasonable accommodation, Defendant discriminated and retaliated against Plaintiff on the basis of his disability. Specifically, this discrimination and retaliation included but was not limited to, Defendant drastically reducing Plaintiff's hours, resulting in an income reduction of greater than 50%. Defendant also pressured Plaintiff to sign forms which he did not have opportunity to read or comprehend, and outside of the presence of a family member whose assistance he requested to help him understand the forms. Upon information and belief, these forms Zollinger was requested to sign were propounded with the intent to diminish Zollinger's legal rights with respect to his potential claims under the ADA-AA and FCRA. Further, Defendant changed Zollinger's schedule in a discriminatory and retaliatory manner, scheduling him for a day of the month he had requested to have off, which request had been honored before he requested such accommodation.

4. Accordingly, Plaintiff seeks all available relief in law, including but not limited to: (i) a declaration from this Court that Defendant's' actions were unlawful; (ii) back pay and front pay; (iii) medical expenses; (iv) compensatory damages in whatever amount he is found to be entitled; (v) front pay; (vi) an award of interest, costs, and reasonable attorney's fees and expert witness fees; (vii) punitive damages; (viii) equitable relief, specifically to be allowed to work an average of 20 or more hours per week as he did prior to his request for accommodation; (ix) pre-judgment and post-judgment interest (where allowable); (x) an award of a tax "gross-up" to the extent any lump-sum award is subject to higher taxation because not paid over time; and (xi) a jury trial on all issues so triable.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 1337, Title I of the ADA, as amended, Title 1 of the Civil Rights Act of 1991, and has authority to grant declaratory relief under the ADA-AA.

6. Court has supplemental jurisdiction over Plaintiff's pendant state court claims as they arise out of the same facts as circumstances as the federal claims.

7. Venue is proper in this judicial district under 28 U.S.C. §1391 because Defendant does business in this judicial district and the majority of the acts complained of took place in this judicial district.

## PARTIES

8. At all times material to this action, Plaintiff was, and is currently a resident of Sarasota, Florida.

9. At all times material to this action, Defendant was, and continues to be, engaged in business in Sarasota Florida.

10. At all times material hereto, Plaintiff had, and has, a disability as defined by 42 U.S.C. §12102 (1) and (2) that substantially limits one or more major life activities including major body functions. Specifically, Plaintiff suffers from epilepsy.

11. At all times material hereto, Plaintiff was, and is, a "qualified individual" under the ADA-AA and FCRA in that he is/was a person who meets legitimate skill, experience, education, or other requirements of an employment position that he held or sought, and who can/could perform the "essential functions" of the position with or without reasonable accommodation.

12. Plaintiff is covered by the ADA-AA/FCRA because he is an individual who:

  a. Has a physical impairment that substantially limits one or more major life activities or bodily functions; and/or

  b. Has a record of physical impairment that substantially limits one or more major life activities or bodily functions.

13. At all times relevant, Defendant was, and is, an "employer" as defined by 42 U.S.C. 12111(5).

14. At all times relevant, Defendant was, and is, an "employer" as defined by Fla. Stat. 760, *et. seq.*

## **CONDITIONS PRECEDENT**

15. On June 10, 2019, Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission, which was dual filed with the Florida Commission on Human Rights.

16. Plaintiff has exhausted the administrative remedies available to him.

17. On or about December 10, 2019, the EEOC issued plaintiff a Dismissal and Notice of Right to Sue against Defendant with regard to this matter. A copy of the Right to Sue letter is attached as **Exhibit A**.

18. Plaintiff files his complaint within the applicable statute of limitations.

19. Jurisdiction over this claim is appropriate pursuant to Fla. Stat. Chap. 760 (FCRA), because more than 180 days passed since the filing of the charge, prior to the FCHR making a determination.

20. All conditions precedent to this action have been satisfied and/or waived.

## GENERAL ALLEGATIONS

21. In December, 2017, Plaintiff was hired by BROOKDALE SENIOR LIVING INC. to work as a server.

22. Plaintiff is still employed by BROOKDALE.

23. Plaintiff's rate of pay in 2018 was $11.00 per hour.

24. Based on pay records reflecting his work at BROOKDALE, Plaintiff earned at least $11,500.00 in his work for BROOKDALE in 2018.

25. As such, BROOKDALE compensated Plaintiff for an average of over 20 hours per week in 2018.

26. Plaintiff was typically scheduled in shifts of four hours.

27. Plaintiff was sometimes requested to fill in for other employees.

28. Plaintiff performed well in his work for Defendant.

29. Plaintiff was not disciplined during his employment for Defendant prior to the time he sought a reasonable accommodation for his disability.

30. In November 2018, Plaintiff requested a reasonable accommodation for his disability.

31. The accommodation requested would still have allowed Plaintiff to work five to six days per week.

32. Defendant, through its managers, agents and representatives, was hostile to Plaintiff's request for reasonable accommodation. Defendant initially pushed back on granting any accommodation before agreeing to some of the accommodations requested by Plaintiff's physician.

33. Defendant allowed Plaintiff's mother, Freya Robbins, to be present for this meeting to discuss accommodations, understanding that Ms. Robbins was present to ensure that Plaintiff could communicate and understand clearly.

34. The following week, outside of the presence of Ms. Robbins, Defendant demanded that Plaintiff sign a form, the title of which purported to relate to a reasonable accommodation, but the body of which contained the job description for a server. Plaintiff requested that he be permitted to review the form with his mother, to ensure he understood what he was signing, but Defendant summarily denied this request.

35. Following his request for accommodation, Defendant began scheduling Plaintiff for only two days per week on average.

36. In 2019, Plaintiff's rate of pay at BROOKDALE was $11.07 per hour.

37. Based on pay records reflecting his pay from BROOKDALE, Plaintiff earned less than $5,200.00 in his work for BROOKDALE in 2019.

38. As such, BROOKDALE compensated Plaintiff for an average of approximately 9 hours per week in 2019.

39. In addition, although BROOKDALE was short-staffed during 2020, did not increase Plaintiff's hours to return him to the number of hours he had enjoyed prior to his request for accommodation.

40. Upon information and belief, non-disabled employees and/or employees who had not requested a reasonable accommodation were given preference instead.

41. Further, although BROOKDALE had previously honored Plaintiff's request not to be scheduled on Mondays, to accommodate extra-curricular activities in which he takes part, after he requested a reasonable accommodation, Defendant began scheduling him on Mondays.

42. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, et seq., and 42 U.S.C. § 12101, *et. seq.*, because it (i) discriminated against Plaintiff because of his disability; (ii) refused to engage in good faith in the interactive process; and (iii) retaliated against Plaintiff due to his request for an accommodation.

43. At all times relevant to this action, Defendant failed to comply with 42 U.S.C. § 12101 *et. seq.*, because Plaintiff requested a reasonable accommodation, and as a result, Defendant discriminated and retaliated against Plaintiff because of his disability and request for accommodation.

44. Plaintiff's disability and request for accommodation are the reasons that Defendant reduced his hours by more than 50% and began scheduling him on a day he had specifically requested to have off, and which he had had off for nearly a year before requesting accommodation.

45. Plaintiff was, at all times relevant, a qualified employee as defined by the ADA-AA/FCRA.

46. Plaintiff's disability and request for reasonable accommodation were the cause of Defendant's adverse actions against him as alleged herein.

47. The stress and emotional distress caused to Plaintiff by Defendant's treatment of him has negatively affected Plaintiff's health, and has caused Plaintiff to have seek treatment from a counselor.

48. Defendant's actions constitute discrimination in violation of the FCRA and ADA-AA.

49. Defendant's actions constitute retaliation for requesting a reasonable accommodation under the ADA-AA and the FCRA.

## COUNT I
## DISABILITY DISCRIMINATION UNDER THE ADA-AA

50. Plaintiff re-alleges paragraphs 1 through 49 of the Complaint, as if fully set forth herein.

51. Plaintiff is a qualified individual under the ADA-AA.

52. Defendant was an "employer" within the meaning of the ADA-AA.

53. Plaintiff was a qualified employee.

54. Plaintiff engaged in protected activity under the ADA-AA.

55. With actual knowledge of Plaintiff's disability and request for reasonable accommodation, Defendant reduced Plaintiff's hours by more than 50% and purposefully assigned him to an undesirable shift, in whole or in part, because of his disability and request for reasonable accommodation.

56. With respect to Plaintiff's employment, Defendant discriminated against Plaintiff; failed to accommodate Plaintiff; failed to engage in good faith in the interactive process with Plaintiff; reduced Plaintiff's hours by more than 50%; and purposefully assigned him to an undesirable shift on the basis of his disability and request for accommodation, in violation of the ADA-AA and 42 U.S.C. § 12112.

57. Plaintiff has been damaged by Defendant's violation of the ADA-AA and suffered damages, which include past and future wages and benefits, emotional distress, mental pain and anguish, and caused irreparable harm for which there is no adequate remedy at law.

58. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably, injured Plaintiff, including but not limited to, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

59. The conduct of Defendant was so willful and wanton and in such reckless disregard of the statutory rights of Plaintiff so as to entitle him to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

60. Plaintiff is entitled to any and all relief permitted under the ADA-AA, 42 U.S.C. § 12117(a), including equitable relief.

61. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff, JOSHUA ZOLLINGER, respectfully requests entry of:

(i) a declaration from this Court that Defendant's' actions were unlawful;

(ii) back pay/lost wages;

(iii) medical expenses, including for counseling services;

(iv) compensatory damages, including but not limited to damages for mental anguish and emotional distress;

(v) front pay;

(vi) an award of interest, costs and reasonable attorney's fees and expert witness fees;

(vii) punitive damages;

(viii) equitable relief, specifically including but not limited to an Order requiring restoration of his schedule to an average of 20 or more hours per week;

(ix) pre-judgment and post-judgment interest (where allowable);

(x) an award of a tax "gross-up" to the extent any lump-sum award is subject to higher taxation because not paid over time; and

(xi) an order granting such other and further relief as this Court deems just and

equitable under the circumstances of this case.

## COUNT II
## RETALIATION AGAINST
## PLAINTIFF FOR EXERCISING RIGHTS ADA-AA

62. Plaintiff re-alleges paragraphs 1 through 49 of the Complaint, as if fully set forth herein.

63. Title I of the ADA-AA, 42 U.S.C. § 12111 requires that Defendant provide reasonable accommodations to otherwise qualified employees with disabilities.

64. During the time Plaintiff was employed by Defendant, Plaintiff engaged in protected activity under the ADA-AA.

65. Defendant retaliated against Plaintiff for engaging in said protected activity.

66. During the time Plaintiff was employed by Defendant, he exercised and/or enjoyed rights granted and/or protected by the ADA-AA, including, but not limited to, requesting and making use of reasonable accommodations for his disability.

67. Defendant engaged in adverse employment actions against Plaintiff after he exercised a right afforded under the ADA-AA.

68. Under the ADA-AA, the Defendant was legally obligated to refrain from retaliating against Plaintiff because of his request for accommodation for his disability.

69. Notwithstanding this obligation under the ADA-AA and in willful violation thereof, Defendant retaliated against Plaintiff because he requested a reasonable accommodation.

70. As a direct and proximate result of Defendant's retaliation, interference, coercion and/or intimidation in violation of the ADA-AA, Plaintiff has suffered damages in an amount to be determined at trial.

71. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff, JOSHUA ZOLLINGER, respectfully requests entry of:

(i) a declaration from this Court that Defendant's' actions were unlawful;

(ii) back pay/lost wages;

(iii) medical expenses;

(iv) compensatory damages, including but not limited to damages for mental anguish and emotional distress;

(v) front pay;

(vi) an award of interest, costs and reasonable attorney's fees and expert witness fees;

(vii) punitive damages;

(viii) equitable relief, specifically including but not limited to an Order requiring restoration of his schedule to an average of 24 hours per week;

(ix) pre-judgment and post-judgment interest (where allowable);

(x) an award of a tax "gross-up" to the extent any lump-sum award is subject to higher taxation because not paid over time; and

(xi) an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT III
## UNLAWFUL DISCRIMINATION/RETALIATION IN
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT (Fla. Stat. 760 et. seq.)

72. Plaintiff re-alleges paragraphs 1 through 49 of the Complaint, as if fully set forth herein.

73. Plaintiff's condition substantially limited one or more of Plaintiff's major life activities.

74. Plaintiff's condition was a disability or handicap as defined by the FCRA.

75. Plaintiff was qualified to perform the essential functions of his job with or without reasonable accommodation.

76. Plaintiff requested one or more reasonable accommodations.

77. Defendant was aware of Plaintiff's disability and request for accommodation.

78. Defendant discriminated and retaliated against Plaintiff on the basis of his disability and request for reasonable accommodation in violation of the FCRA.

79. As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits, compensatory damages, and reasonable attorney's fees and costs.

80. Defendant engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

81. Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

82. Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination and retaliation.

83. As a result of Defendant's unlawful discrimination and retaliation, Plaintiff has suffered and continues to suffer damages.

84. Plaintiff demand trial by jury.

WHEREFORE, Plaintiff, JOSHUA ZOLLINGER, respectfully requests entry of:

(i) a declaration from this Court that Defendant's' actions were unlawful;

(ii) back pay/lost wages;

(iii) medical expenses;

(iv) compensatory damages, including but not limited to damages for mental

anguish and emotional distress;

(v) front pay;

(vi) an award of interest, costs and reasonable attorney's fees and expert witness fees;

(vii) punitive damages;

(viii) equitable relief, specifically including but not limited to an Order requiring restoration of his schedule to an average of 24 hours per week;

(ix) pre-judgment and post-judgment interest (where allowable);

(x) an award of a tax "gross-up" to the extent any lump-sum award is subject to higher taxation because not paid over time; and

(xi) an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 5th day of March 2020.

Respectfully submitted,

Angeli Murthy, Esquire
FL Bar No.: 088758
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel: 954-327-5369
Fax: 954-327-3016
E-mail: amurthy@forthepoeople.com
*Trail Counsel for Plaintiff*

## VERIFICATION

I, **JOSHUA ZOLLINGER**, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746 that the factual allegations in this Complaint are true and correct based on my personal knowledge.

Dated: 3/4/2020

*Joshua Zollinger*
JOSHUA ZOLLINGER