# EXHIBIT "A"

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Joshua Zollinger
4088 Redbird Circle South
Sarasota, FL 34231

From: Tampa Field Office
501 East Polk Street
Room 1000
Tampa, FL 33602

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 511-2019-03938 | JEANNETTE L. SMITH, Investigator | (813) 202-7927 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Evangeline Hawthorne*    12/10/19

Enclosures(s)    Evangeline Hawthorne, Director    (Date Mailed)

cc: Erin Webber
Shareholder
Brookdale Senior Living Inc. c/o Littler Mendelson, P.C.
c/o Littler Menelson - GSC
2301 McGee Street, 8th Floor
Kansas City, MO 64108

Jason A. Collier, Esq.
SHUMAKER LOOP & KENDRICK LLP
240 South Pineapple Avenue, 10th Floor
Sarasota, FL 34236

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge <u>**within 90 days**</u> **of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

"Regarded as" coverage:
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See Privacy Act Statement before completing this form. | AGENCY<br>☒ FEPA  ☒ EEOC | CHARGE NUMBER<br>511-2019-03938 |
|---|---|---|

FLORIDA COMMISSION ON HUMAN RELATIONS and
EEOC and
The Local Agency, If any

| NAME (Indicate Mr., Ms., Mrs.)<br>Mr. Joshua Zollinger | TELEPHONE<br>941-321-5142 |
|---|---|
| STREET ADDRESS    City, State and Zip Code<br>4088 Redbird Circle South    Sarasota, Florida 34231 | DATE OF BIRTH<br>4-22-1994 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME<br>Brookdale Senior Living Solutions | NUMBER OF EMPLOYEES<br>200+ | TELEPHONE (Include Area Code)<br>(941) 378-4414 |
|---|---|---|
| STREET ADDRESS    City, State and Zip Code<br>4730 Bee Ridge Road    Sarasota, Florida 34233 | | COUNTY<br>Sarasota |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))<br>☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ AGE  ☒ RETALIATION<br>☐ NATIONAL ORIGIN  ☒ DISABILITY  ☐ OTHER (Specify) | DATE DISCRIMINATION TOOK PLACE: Ongoing from September 2018 to the present<br>☒ CONTINUING ACTION |
|---|---|

THE PARTICULARS ARE (If additional paper is needed, attach extra sheets(s))

I began working at Brookdale as a server in December 2017. I have epilepsy. Brookdale knew of my disability upon the inception of my employment. I suffered multiple seizures during my first 10 months of employment at Brookdale. Brookdale did not engage in any type of interactive dialogue with me to discuss accommodating my disability for more than 10 months.

On September 5, 2018, I was hospitalized due to my epilepsy. On September 21, 2018, I suffered a seizure while on my lunch break. My immediate supervisor, Dave Messier, responded to my seizure by callously questioning "Can't Joshua come back to work this afternoon?"

On October 2, 2018, I suffered a serious seizure that occurred at work. My parents made their way to Brookdale within minutes of the Sarasota County EMS. Brookdale prevented from my mother from asking any questions about the seizure, which prevented her from providing vital information to my neurologist. This information is critical in order to treat my epilepsy.

On November 4, 2018, I suffered another seizure at work, and in response, Brookdale sent my doctor a request for a medical certification. My doctor completed the medical certification and informed Brookdale that I could perform the essential job functions of the server position with a reasonable accommodation and proposed adjustments to the work environment that would enable me to continue to perform the essential functions of my job. My doctor further indicated that the expected duration of my condition was "permanent", meaning something more than a temporary accommodation was needed.

Brookdale was unhappy with receiving my doctor's certification. After receiving the completed medical certification, during a meeting on November 21, 2018, Brookdale's Executive Director Robert Denninger told me that Brookdale would not consider any of the recommended accommodations proposed by my doctor. I was extremely disappointed with Brookdale's response to my request to accommodate my disability.

On November 21, 2018, my mother and I met with Mr. Messier, Brookdale's Business Office Coordinator Laura Terlesky, and Mr. Denninger. During this meeting, Brookdale informed me that there were no marginal job duties of a server that could be redistributed or modified in any way. This is untrue as servers regularly work together as a team at Brookdale to assist each other with performing various functions throughout their respective shifts. Later in that same meeting, Mr. Messier acknowledged that servers work as a team and that I help other employees throughout the workday just as other employees help me at times.

On November 28, 2018, Brookdale presented me with a form titled "ADAAA, Offer of Temporary Reasonable Accommodation", yet told me that the form was not an accommodation form but instead was a job description form, and demanded that I sign the form. I did not feel comfortable signing the form as it contained numerous inaccuracies, including misstating when Brookdale became aware of my need for an accommodation. The form also indicates that I was only being provided a "temporary" assignment and "temporary" accommodation despite being informed by my doctor that my condition was permanent. The form also states that Brookdale was agreeing to modify the essential job functions of the server position for me, yet the nine tasks

Received
JUN 12 2019
Tampa Field Office

supposedly being modified for me on a "temporary" basis are identical to the nine job functions listed on the Brookdale job description which applies to all servers.

After receiving this form, I provided Brookdale with a revised form to identify specific reasonable accommodations that I was requesting, including (i) allowing me time off from work in the event of a seizure, (ii) allowing me to bring a job coach from the Federal-State Vocational Rehabilitation program at no cost to Brookdale, (iii) confirming that I would not be asked to climb higher than three feet consistent with my doctor's instructions, (iv) allowing me to work cooperatively with other employees in a team atmosphere which already occurs, and (v) allowing me to have a representative present in employment-related meetings to assist me in understanding and recalling what is discussed. Brookdale responded to my request by indicating only one change would be made to the form, they pressured me to sign the form on the spot without allowing me time alone to review the document, and they told me that if I wanted to keep my job, I needed to sign the form without making any changes.

I complained to Brookdale about the way I was being treated and Brookdale retaliated against me. For example, my hours have been cut which has taken away my income, and Brookdale also began scheduling me to work on a day that I previously had off. Brookdale even approved a time off request that I submitted to take a family vacation out of state, then scheduled me to work during this period, and wrote me up for missing work while I was out of town. Brookdale's mistreatment of me has negatively affected my health and I have undergone treatment from a counselor due to the stress caused by Brookdale.

I believe that I am being unlawfully discriminated against, harassed, and retaliated against because of my disability in violation of the Americans with Disabilities Act and the Florida Civil Rights Act. Brookdale failed to timely engage in an interactive dialogue with me, refuses to reasonably accommodate my epilepsy, is discriminating against me as a result of my epilepsy, and is retaliating against me in response to the concerns I raised about the manner in which I am being treated.

Signature of Complainant: Joshua Zollinger

Signed by Joshua Zollinger on 6/10/2019

Date: 6/10/2019

Charging Party Signature: Joshua Zollinger

Notary: Justine J. Mitchell

Notary Public State of Florida
Justine J. I. Mitchell
My Commission GG 181993
Expires 02/01/2022

Received
JUN 12 2019
Tampa Field Office